**SO ORDERED.**

**SIGNED this 02 day of March, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ST. LAWRENCE HOMES, INC., | 09-00775-8-JRL |
| DEBTOR. | |

### ORDER DENYING OBJECTION TO CLAIMS

The matter before the court is the debtor's objection to the claims filed by S.T. Wooten Corporation. A hearing took place in Raleigh, North Carolina on February 11, 2010.

St. Lawrence Homes, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on February 2, 2009, and its plan of reorganization was confirmed on August 26, 2009. S.T. Wooten filed a series of claims, Claim Nos. 150-154, 156-160, and 375, to which the debtor objected. The debtor disputed the amount of Claim No. 375, but stated at the hearing that it was satisfied with the documentation provided by S.T. Wooten and the claim should be allowed as a Class 19 claim under its confirmed plan. The debtor contended that S.T. Wooten's other claims should be denied.

The debtor is a residential builder in North Carolina and Ohio. Prior to filing its petition, St. Lawrence contracted with USA Concrete, Inc. to perform paving services. S.T. Wooten provided labor and materials to USA Concrete as a first-tier subcontractor. Pursuant to Chapter 44A of the North Carolina General Statutes, USA Concrete filed claims of lien on the debtor's real property,

and S.T. Wooten filed liens on the debtor's real property in subrogation to USA Concrete's lien rights. S.T. Wooten also properly served notices of claims of liens on funds, filed notices of lis pendens, and filed notices of perfection of statutory liens in the bankruptcy case. Both USA Concrete and S.T. Wooten filed claims in the bankruptcy case for the amount owed for labor and materials supplied to improve individual lots. Because S.T. Wooten performed as a subcontractor to USA Concrete, the amounts owed to USA Concrete for which USA Concrete filed claims presumably include the amounts owed by USA Concrete to S.T. Wooten. The debtor objected to S.T. Wooten's claims, contending that it did not contract directly with S.T. Wooten and that allowing these claims would result in duplicate claims for the same labor and materials.

Paragraph 4.17 of the debtor's confirmed plan defines the members of Class 17 (Materialmen Claims) as follows:

> All claims of persons or entities performing services or providing materials to the property of the Debtor who have properly perfected interests in the property of the Debtor pursuant to N.C. Gen. Stat. § 44A-7 et seq. and 11 U.S.C. § 546(b), which interests are subordinate to the superior claims of respective holders of deeds of trust whose secured claims exceed the value of the subject real property.

The treatment of Class 17 is set forth in paragraph 6.14, as follows:

> All claims of contractors or suppliers having properly perfected interests in the Debtor's property, which interests are subordinate to the superior claims of respective holders of deeds of trust whose secured claims exceed the value of the subject real property, shall be treated as unsecured creditors, as applicable under either Class 18 [unsecured claims of $3,000 or less] or Class 19 [unsecured claims].

S.T. Wooten maintains that it is a proper member of Class 17 because it holds properly perfected interests in the debtor's property, and that res judicata precludes the debtor's objection to its claims.[1]

---

[1] Pursuant to Paragraph C.8 of the Order Confirming Plan entered on August 26, 2009, S.T. Wooten's claim is secured to the extent the proceeds from properties related to Claim Nos. 156-160 exceed the value of the first deed of trust. Assuming there are sufficient proceeds, those claims do

The court agrees with S.T. Wooten that its claims should be allowed as a member of Class 17. The court understand the debtor's concern that it should not be required to pay for the same claim twice. If there were to be a 100 percent distribution, the debtor would pay either S.T. Wooten or USA Concrete for the value of S.T. Wooten's claim, with a credit against the other claim. However, because the distribution would instead be only 25 percent, it is possible that USA Concrete will receive 25 percent of its entire claim and attribute none of those funds to S.T. Wooten, while S.T. Wooten will also receive 25 percent of its claim, arguably diluting the claims of other unsecured creditors. There may be a way to accommodate this concern upon distribution to the unsecured class, but it is not a basis for disallowing S.T. Wooten's claims. The claims are proper under the provisions of the confirmed plan, and the objection to claims is **DENIED**.

**END OF DOCUMENT**

---

not fall within the purview of Class 17.