**SO ORDERED.**

**SIGNED this 28 day of July, 2010.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

ST. LAWRENCE HOMES INC.,                CASE NO. 09-00775-8-JRL
                                         Chapter 11
    DEBTOR.

**ORDER**

The matter before the court is the Iredell County Tax Collector's motion for administrative expense claims. A hearing was held in Raleigh, North Carolina on July 13, 2010.

The debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 2, 2009. An order confirming the debtor's chapter 11 plan was entered on August 26, 2009. Iredell County seeks an allowed administrative expense claim for 2009 ad valorem taxes incurred for the debtor's real property under 11 U.S.C. § 503(b). In response the debtor argues that the 2009 ad valorem taxes were incurred prior to the debtor's bankruptcy filing, on January 1, 2009, and therefore are specifically excluded by § 503(b) as a tax properly classified under 11 U.S.C. § 507(a)(8). Furthermore, the debtor asserts that the properties in Iredell County will be surrendered or sold according to the terms of the confirmed plan, subject to any applicable tax liens. The consent order entered May 21 2010, provides that the real property at issue "shall be transferred at closing to Purchaser subject to the Tax Liens on the Property lots

located in Iredell County . . . ." Thus, the debtor asserts that the pending application for administrative expenses should be denied as a pre-petition claim.

11 U.S.C. § 503(b) allows as an administrative expense claim any tax "incurred by the estate . . . including property taxes . . . except a tax of a kind specified in section 507(a)(8) of this title." Section 507(a)(8)(B) includes any "property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition." While the Bankruptcy Code does not specify when tax liability is incurred, the Fourth Circuit holds that a tax is incurred at the time liability for the tax arises under state law. In re Members Warehouse, Inc., 991 F.2d 116, 118-19 (4th Cir. 1993) (interpreting N.C.G.S. § 105-366 as imposing ad valorem tax liability on January 1 of the tax year). The Tax Collector Division's page on the Iredell County official website provides that "[o]wnership of real property is established on January 1 of the tax year. Transfer of ownership during the year does not relieve the seller of tax liability."[1] *Tax Administration/Land Records*, IREDELL COUNTY, http://www.co.iredell.nc.us/Departments/Tax_Admin/tax.asp (last visited July 27, 2010). This supports the Fourth Circuit's holding that liability for ad valorem taxes is incurred on January 1 of each year. Because the debtor's property tax liability for 2009 was incurred on January 1, 2009, and the debtor's bankruptcy commenced on February 2, 2009, the court finds that County's claim for the 2009 ad valorem taxes is properly classified under § 507(a)(8). Accordingly, the claim cannot be allowed as an administrative expense.

---

[1] The website further states: "This is a private contract between the buyer and seller; the seller will receive any bills issued for the year of transfer and is responsible to see that the appropriate party pays the tax bill." Id.

Based on the record, the Iredell County Tax Collector's motion for administrative expense claims is hereby **DENIED**.

**"END OF DOCUMENT"**